```
IN THE UNITED STATES DISTRICT COURT
   WESTERN DISTRICT OF NORTH CAROLINA
```

| | |
|---|---|
| Keishaun Leroy Anderson<br>   petitioner (pro-se) | ) Case No.DNCW322-CR-000082-001<br>)<br>) |
| Vs. | )<br>) |
| United States of America<br>   respondent. | )<br>) |

FILED
CHARLOTTE, NC

DEC 17 2024

US DISTRICT COURT
WESTERN DISTRICT OF NC

MOTION IN PURSUANT TO TITLE,3582(c)(1)(A)
COMPASSIONATE RELEASE U.S.S.C. YOUTHFUL INDIVIDUAL
AMENDMENT.

Now Comes, Anderson seeking relief based on the United States Sentencing Commission youthful individual amendment made law on November 1, 2024. The defendant was (18) years old when he was arrested and (20) years old when he was sentenced.

Due to the following facts the court should consider a sentence reduction. Had Anderson been sentenced today, a downward departure may be warranted due to the defendant's youthfulness at the time of the offense or prior offense. Certain Risk factors may affect a youthful individual's development into the mid-20's and contribute to involvment in criminal justice system, including enviroment, adverse childhood experiances, substance use, lack of educational opportunities, and family relationships.

In addition, youthful individuals generally are more impulsive, risk seeking, and susceptible to outside influence as their brains continue to develop into young adulthood.

(1)

Youthful individuals also are more amendable to rehabilitation. The, Defendant believes that had this law been passed during his sentencing he would have received relief. This amendment makes several revisions to 5H1.1 (Age(Policy Statement), which addresses the relevance of age in sentencing. Before the amendment, 5H1.1 provided, in relevant in determining whether a departure is warranted, if considerations based on age, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by U.S. Sentencing Guidelines.

The amendment revises the first sentence in 5H1.1 to provide more broadly that age may be relevant in determining whether a departure is warranted. It also adds language specifically providing that a downward departure may be warranted in cases in which the defendant was youthful at the time of the instant offense or any prior offenses. In line with the commissions statutory duty to establish sentencing policies that reflect, "advancement in knowledge of human behavior as it relates to the criminal justice process." 28 u.s.c. 991(b)(1)(c), this amendment reflects the evolving science and data surrounding youthful individuals, including recognition of the age-crime curve and that cognitive changes lasting into the mid 20's affect individual behavior and culpability.

The amendment also reflects expert testimony to the commission indicating that certain risk factors may contribute to youthful involvement in criminal justice systems, while protective factors including appropriate interventions, may promote distance from crime.

(2)

Indeed, as stated by the Supreme Court, "it has been uniform and and constant in federal judicial tradition for the sentencing judge to consider every convicted person as an individual and to treat every case as a unique study in human failings that sometimes mitigate, sometimes magnify, the crime punishment to ensure.

The Courts "must make an individualized assessment based on the facts presented. The court must independently evaluate the appropriate sentence in light of the purposes and factors established by 3553(a) and must consider arguments that the guidelines should not apply on general policy grounds, case specifies and factors, or "regardless".

## Conclusion

Based on the above facts, Anderson believes he is eligible for a sentence reduction. Reducing the defendants sentence will not under cut respect for the law. Andersons relief is applicable to the 18 u.s.c. 3553(a) factors with respect to the U.S.S.C. Amendment. Respectfully Submitted the 9th day of December 2024.

Keishaun Leroy Anderson:

*Keishaun Leroy Anderson*
Signature.